IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

HARRY McLEMOORE, JR. a/k/a          )
HARRY McLEMORE, JR.,                )
                                    )
    Petitioner,                    )
                                    )
vs.                                 )       No. 05-2882-B/V
                                    )
DAVID MILLS,                        )
                                    )
    Respondent.                    )
                                    )
_____

ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

_____

Petitioner Harry McLemoore, Jr. a/k/a Harry McLemore, Jr., Tennessee Department of Correction prisoner number 62452, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254 on November 21, 2005. Petitioner paid the habeas filing fee on December 2, 2005. The Clerk shall record the respondent as WTSP warden David Mills.[1]

---

[1] Although the petition also lists the Tennessee Board of Probation and Paroles (the "Board") (which is incorrectly identified as the State of Tennessee Parole Board) as an additional respondent, the Clerk properly declined to list that entity as a party on the docket. The proper respondent to a habeas petition is the petitioner's custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

I.   STATE COURT PROCEDURAL HISTORY

In May 1965, McLemore was indicted in the Shelby County Criminal Court of one count of rape, and he subsequently pleaded guilty and was sentenced as a habitual offender to life imprisonment. McLemore was apparently released on parole in 1974 and, in 1976, pleaded guilty in the Shelby County Criminal Court to three counts of rape, burglary, and three counts of crimes against nature and was sentenced to twenty years imprisonment.[2] McLemore did not appeal either conviction.

In July 1997, McLemore filed a petition for a writ of habeas corpus, pursuant to Tenn. Code Ann. § 29-21-101 et seq. That petition challenged the sufficiency of the indictment on the 1965 rape conviction. The trial court denied relief, and the Tennessee Court of Criminal Appeals affirmed. McLemore v. Hesson, No. 02C01-9711-CC-00436, 1998 WL 208042 (Tenn. Crim. App. Apr. 29, 1998), perm. app. denied (Tenn. Sept. 14, 1998).

The inmate also filed a petition for a writ of habeas corpus, pursuant to Tenn. Code Ann. § 29-21-101 et seq., in the Lauderdale County Circuit Court on September 10, 1992 in which he alleged that the Board acted arbitrarily and unconstitutionally in denying him release on parole. The trial court dismissed the petition and the Tennessee Court of Criminal Appeals affirmed,

---

[2] The petition alleges that "[t]he parole board required [McLemore] to serve the 20 years . . . before resuming the life sentence." Attachment to § 2243 Petition ("Att.") at 2. The petition further states that McLemore completed the sentence imposed in 1976 in 1987 and, since that time, he has been imprisoned on the life sentence imposed in 1965. Id.

holding that the petition did not state a valid basis for habeas corpus relief. McLemore v. State, No. 02C01-9305-CC-0100, 1994 WL 68326 (Tenn. Crim. App. Mar. 9, 1994), perm. app. denied (Tenn. Aug. 1, 1994).

McLemore filed a third state habeas petition in the Lauderdale County Circuit Court on March 29, 2005 in which he asserted that he was being unlawfully restrained of his liberty resulting from the Board's deprivation of his liberty interest by denying parole and by failing to provide a reason for the denial of parole. The trial court denied the petition on April 9, 2005, and the Tennessee Court of Criminal Appeals affirmed. McLemore v. Mills, No. W2005-01112-CCA-R3-CO, 2005 WL 2453924 (Tenn. Crim. App. Oct. 4, 2005).

In the instant petition, McLemore asserts that he has been attending parole hearings for more than ten years, and the Board "has continually violated his due process" rights by failing to provide a detailed explanation for the denials. The most recent parole denial allegedly occurred on July 21, 2005 and was based on the seriousness of the offense. McLemore complains that the Board has also cited the 1976 sentence, which has been fully served, to justify the denial of parole, although it is not clear whether that previous sentence was noted in connection with the most recent parole denial.

II.   PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, McLemore raises the following issues:

1. Whether Tenn. Code Ann. § 29-21-101 et seq. permits a challenge to an illegal restraint caused by the parole board;

2. Whether Tenn. Code Ann. § 40-35-503(b) creates a liberty interest so that due process rights attach to parole decisions;

3. Whether the citation of the boilerplate phrase, "seriousness of the offense," to explain the denial of parole satisfies due process; and

4. Whether the Board violated its Release Decision Making Guidelines, which requires it to identify and note the reasons used to justify departures from the guidelines.

III. ANALYSIS OF THE MERITS

As a preliminary matter, the first claim, which challenges the interpretation given to Tennessee's habeas corpus statute, Tenn. Code Ann. § 29-21-101 et seq., by Tennessee courts, and the fourth claim, which concerns whether the Board violated its Release Decision Making Guidelines, are not cognizable in a petition pursuant to 28 U.S.C. § 2254. This Court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Error in the application of state law is not cognizable in a federal habeas proceeding. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Pulley v. Harris, 465 U.S.

4

37, 41 (1984). McLemore's first claim does not relate to the legality of his confinement but, rather, concerns the failure to the State of Tennessee to permit review of parole decisions through state habeas petitions.[3] McLemore's fourth claim is based on Tennessee law. This Court has no jurisdiction over the first and fourth claims and, therefore, they are DISMISSED.

This Court also cannot review the merits of the denial of parole on July 21, 2005. Twenty-eight U.S.C. § 2254(b) states, in pertinent part:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
>   (A) the applicant has exhausted the remedies available in the courts of the State;  or
>
>   (B) (I) there is an absence of available State corrective process;  or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

Thus, a habeas petitioner must first exhaust available state remedies before requesting relief under § 2254. E.g., Granberry v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the

---

[3] As will be discussed infra, there is another avenue for judicial review of parole decisions, which McLemore apparently did not pursue.

5

United States District Courts ("Section 2254 Rules"). A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. 28 U.S.C. § 2254(c); Preiser v. Rodriquez, 411 U.S. 475, 477, 489-90 (1973).

To exhaust his state remedies, the petitioner must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). "'[T]he substance of a federal habeas corpus claim must first be presented to the state courts.'" Id. at 163 (quoting Picard, 404 U.S. at 278). A habeas petitioner does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) "by presenting the state courts only with the facts necessary to state a claim for relief." Id.

Conversely, "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." Id. When a petitioner raises different factual issues under the same legal theory he is required to present each factual claim to the highest state court in order to exhaust his state remedies. O'Sullivan v.

6

Boerckel, 526 U.S. 838, 845 (1999); see also Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987). He has not exhausted his state remedies if he has merely presented a particular legal theory to the courts without presenting each factual claim. Pillette, 824 F.2d at 497-98. The claims must be presented to the state courts as a matter of federal law. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Moreover, the state court decision must rest primarily on federal law. Coleman v. Thompson, 501 U.S. 722, 734-35 (1991). If the state court decides a claim on an independent and adequate state ground, such as a procedural rule prohibiting the state court from reaching the merits of the constitutional claim, the petitioner ordinarily is barred by this procedural default from seeking federal habeas review. Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977). However, the state-court decision need not explicitly address the federal claims; instead, it is enough that the petitioner's brief squarely presents the issue. Smith v. Digmon, 434 U.S. 332 (1978) (per curiam); see also Baldwin v. Reese, 541

7

U.S. 27, 30-32 (2004) (a federal habeas claim is fairly presented to a state appellate court only if that claim appears in the petitioner's brief).

When a petitioner's claims have never been actually presented to the state courts but a state procedural rule prohibits the state court from extending further consideration to them, the claims are deemed exhausted, but procedurally barred. Coleman, 501 U.S. at 752-53; Teague v. Lane, 489 U.S. 288, 297-99 (1989); Wainwright v. Sykes, 433 U.S. at 87-88; Rust, 17 F.3d at 160.

In this case, it is not clear whether McLemore sought appellate review from the Board, pursuant to Tenn. Code Ann. § 40-28-1059(d)(11). McLemore also did not properly exhaust his claim in state court.[4] Inmates who are dissatisfied with decisions of the Board "may obtain judicial review using a petition for common law writ of certiorari. This petition limits the scope of review to a determination of whether the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily." Phifer v. Tennessee Board of Parole, No. M2000-01509-COA-R3-CV, 2002 WL 31443204, at *3 (Tenn. Ct. App. Nov. 1, 2002); see also Robinson v. Traughber, 13 S.W.3d 361, 363 (Tenn. Ct. App. 1999); Turner v. Tennessee Bd. of Paroles, 993 S.W.2d 78 (Tenn. Ct. App. 1999). The procedures applicable to common law writs of certiorari are set forth in Tenn. Code Ann. §§ 27-9-101 et seq. See Davis v. Maples, No. M2002-02564-

---

[4] The two state habeas petitions filed by McLemore in 1992 and 2005 did not pertain to the denial of parole on July 21, 2005.

8

COA-R3-CV, 2003 WL 22002660, at *3 (Tenn. Ct. App. Aug. 25, 2004). Claims such as those raised in this petition are routinely raised in state court using this procedure. See, e.g., Moss v. Tennessee Bd. of Probation & Parole, No. M2003-02125-COA-R3-CV, 2004 WL 2583898, at *2 (Tenn. Ct. App. Nov. 12, 2004); York v. Tennessee Bd. of Probation & Parole, No. M2003-00822-COA-R3-CV, 2004 WL 305791, at *1-*2 (Tenn. Ct. App. Feb. 17, 2004); Phifer, 2002 WL 31443204, at *3-*4; Robinson, 13 S.W.3d at 363-65; Arnold v. Tennessee Bd. of Paroles, 956 S.W.2d 478, 482-83 (Tenn. 1997). Because Clark did not file a petition for a common law writ of certiorari, he failed to properly exhaust this claim in state court.

Pursuant to Tenn. Code Ann. § 27-9-102, a petition for a writ of certiorari must be filed within sixty (60) days from the entry of the order or judgment at issue. Tennessee courts have dismissed petitions as time barred for failure to file within the time specified by § 27-9-102. See, e.g., Turner, 993 S.W.2d at 80; Sullivan v. Tennessee Bd. of Paroles, 1993 WL 414843 (Tenn. Ct. App. Oct. 20, 1993). Accordingly, as McLemore no longer has any means of exhausting his claims in state court, the second and third claims asserted in this petition are deemed exhausted but procedurally barred.

Because it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to

9

service on the respondent is proper. Rule 4, Section 2254 Rules.
The petition is DISMISSED.[5]

IV. <u>APPEAL ISSUES</u>

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); <u>see also</u> Fed. R. App. P. 22(b); <u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983), which

---

[5] This conclusion is not altered by the Supreme Court's decision in <u>Wilkinson v. Dotson</u>, 125 S. Ct. 1242 (2005), which held that prisoners can challenge unconstitutional parole procedures under 42 U.S.C. § 1983. This prisoner has also filed a § 1983 action concerning the denial of parole. <u>McLemore v. Traughber</u>, No. 05-1281-T/An (W.D. Tenn. filed Sept. 27, 2005).

10

requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the

debatability of the underlying constitutional claim, not the resolution of that debate.").[6]

In this case, there can be no question that any appeal by this petitioner on any of the issues raised in this petition does not deserve attention as the petitioner has failed to exhaust his claims in state court. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

---

[6] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 12th day of January, 2006.

s/J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE